THOMAS KEUTMAN *v.* JOHN MANCINONE

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 237

Argued September 17—decided December 24, 1976

*Stephen A. Ruskin,* for the appellant (defendant).

*Richard J. Joseph,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought an action to recover the reasonable value of 721 pairs of shoes sold and delivered to the defendant. After denying the allegations of the plaintiff's complaint, the defendant filed a counterclaim in two counts, claiming in the first count that the plaintiff was indebted to the defendant for a delinquency in connection with a line of credit extended to him through the defendant and claiming in the second count that a sales tax payment was due the state of Connecticut. The court found for the plaintiff on the complaint and on the counterclaim.

At the time of argument the defendant abandoned six of the ten assignments of error. The finding of the court cannot be attacked because the defendant did not move to correct the finding as required by § 567G of the Practice Book. In view of this failure the finding must stand. *Kadar Development Corporation* v. *Masulli,* 33 Conn. Sup. 613, 614.

The finding of the court is that the plaintiff sold and delivered to the defendant 721 pairs of assorted men's, women's and children's shoes, which had a total reasonable value of $3535.50.

The defendant claims that the plaintiff was indebted to him for a delinquency in connection with a line of credit and also for a sales tax due the state of Connecticut. The basis of this claim is the plaintiff's agreement to "personally guarantee the payment of any indebtedness from Mountview Family Shoe Store, Inc., to John Mancinone which may now exist or which may hereafter arise as a result of transactions which occurred prior to the date of this Agreement . . . ." The defendant would have us construe this agreement as an undertaking by the plaintiff to reimburse the defendant for any corporate obligations he paid, whether obligated to do so or not, so long as the transactions giving rise to the obligations occurred prior to the date of the agreement. If that is what the parties intended they used convoluted language to express that intention. The trial court found no such liability. The court construed the agreement as imposing liability on the plaintiff for corporate obligations to the defendant and not for corporate obligations to third parties. The court was correct in that interpretation.

There is no error.

SPEZIALE, PARSKEY and SPONZO, Js., participated in this decision.